TSAKOS SHIPPING & TRADING, S.A.,
Plaintiff-Appellee,

v.

M/T "TABOGA," her engines, tackle, etc.,
and Refineria Panama, S.A., Defend-
ants-Third Party Plaintiffs-Appellees,

v.

PANAMA CANAL COMPANY, Third
Party Defendant-Appellant.

No. 78–3780
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

June 15, 1979.

James R. Dunworth, Dwight A. McKab-
ney, John L. Haines, Jr., Balboa Heights,
Canal Zone, for Panama Canal Co.

DeCastro & Robles, Woodrow DeCastro,
Balboa, Canal Zone, for Tsakos.

Roy V. Phillipps, Balboa, Canal Zone, for
Refineria Panama, S.A.

Before CLARK, GEE and HILL, Circuit
Judges.

PER CURIAM:

Plaintiff's vessel, IRENE'S GRACE, was
damaged when defendant vessel TABOGA
struck her stern in a lock of the Panama
Canal. The TABOGA was being piloted at
the time by an employee of third-party
defendant Panama Canal Company. The
collision resulted in slight damage to the
IRENE'S GRACE's stern.

Pursuant to 2 Canal Zone Code, section
291, the Canal Company may be sued for
damages to vessels while under the pilotage
of its employees. In all other respects it
enjoys sovereign immunity as an agency of
the United States. A mandatory prerequi-
site for such a suit, however, is that a Canal
Company investigation be conducted and

* Rule 18, 5th Cir.; *see Isbell Enterprises, Inc. v. Citizens Cas. Co. of New York et al.*, 5th Cir., 1970, 431 F.2d 409, Part I.

the basis for the claim be "laid before" the company prior to the involved vessels' leaving the canal. 2 C.Z.C. § 297. In the instant case, the masters of both vessels declined an investigation and laid no basis for a claim before the company, signing waivers to that effect.

Plaintiff later sued defendant, who answered that the waiver of action against the Canal Company absolved it as well. Alternatively, defendant sought indemnity from the Canal Company. The Canal Company contended that the waiver released it from all liability, including indemnity, and that it also released defendant, since liability would be based on vicarious liability only.

The district court held that the waiver did not absolve defendant from liability and that section 297 did not limit actions solely for indemnity. It therefore ordered the Canal Company to indemnify defendant for damages suffered by plaintiff's vessel and to pay attorney's fees to defendant. The Canal Company appeals. Although damages have not been determined, the decision is a final determination of the rights and liabilities of parties to an admiralty action. *See* 28 U.S.C. § 1292(a)(3).

We view the case as a problem in sovereign immunity. Had there been no waiver at all, the Canal Company would have been no more subject to suit in an indirect action for indemnity than in a direct one for damages. It seems plain that all of the reasons basing the conditions placed on waiver of immunity in direct actions apply to this indirect one. The sole action permitted by the waiver is conditioned on the procedural preconditions noted above. Not only were these not fulfilled; both parties expressly waived their application in order to go their ways without delay. Had they been fulfilled, the Canal Company might well have been subject to this action under the general maritime law of indemnity as under the statute itself. Where they were waived,

the sole chink in the sovereign armor was sealed.[1]

REVERSED.

---

1. Our disposition makes it unnecessary for us to discuss or resolve any of the complex issues of joint tortfeasor and vicarious liability argued by the parties.