704 F.2d 1269
 227 U.S.App.D.C. 140
 James D. CROWLEY, et al.
v.
George P. SHULTZ, Secretary of State, et al., Appellants.
James D. CROWLEY, et al.
v.
George P. SHULTZ, et al., Appellants.
James D. CROWLEY, et al., Appellants
v.
George P. SHULTZ, Secretary of State, et al.
 Nos. 81-2213, 81-2352 and 82-1007.
 United States Court of Appeals,
District of Columbia Circuit.
 Argued Sept. 17, 1982.
Decided April 12, 1983.
 
 Appeals from the United States District Court for the District of Columbia (D.C. Civil Action No. 74-00494).
 John Oliver Birch, Asst. U.S. Atty., Washington, D.C., with whom Stanley S. Harris, U.S. Atty., Royce C. Lamberth, Kenneth M. Raisler and Whitney Adams, Asst. U.S. Attys., Washington, D.C., were on the brief for Shultz, Secretary of State, et al., appellants in Nos. 81-2213 and 81-2352 and cross-appellees in No. 82-1007. R. Craig Lawrence, Asst. U.S. Atty., Washington, D.C., also entered an appearance for Shultz, Secretary of State, et al.
 Lawrence Speiser, Washington, D.C., with whom John P. Racin, Washington, D.C., was on the brief, for James D. Crowley, et al., appellees in Nos. 81-2213 and 81-2352 and cross-appellants in No. 82-1007.
 Ronda L. Billig and Mark T. Wilson, Washington, D.C., entered appearances for the appellee, Estate of Harold O. Smith.
 Before WRIGHT, EDWARDS and BORK, Circuit Judges.
 Opinion for the Court filed by Circuit Judge BORK.
 Separate Statement of Circuit Judge BORK.
 BORK, Circuit Judge:
 
 
 1
 This case concerns an award of attorneys' fees under 5 U.S.C. Sec. 5596 (1976 & Supp. V 1981) (the Back Pay Act). Provision for attorneys' fees was added to the relief available under the Back Pay Act by the Civil Service Reform Act of 1978, Pub.L. No. 95-454, Sec. 702, 92 Stat. 1111, 1216 (codified at 5 U.S.C. Sec. 5596(b)(1)(A)(ii) (Supp. V 1981)). Included in the Reform Act was a Savings Clause, which limited the Act's retroactive applicability to certain proceedings commenced prior to its passage. Pub.L. No. 95-454, Sec. 902, 92 Stat. 1223-24 (codified at 5 U.S.C. Sec. 1101 note (Supp. V 1981)). The district court below granted appellees[1] attorneys' fees pursuant to the Back Pay Act. Appellants urge that this was inappropriate, arguing that the Savings Clause makes fees unavailable to these appellees, who instituted their suit before the Reform Act was passed. We agree that the Savings Clause applies, and reverse the order of the district court.I.
 
 
 2
 This attorneys' fees litigation grows out of a suit in the district court challenging the State Department's "overcomplement" system, a personnel practice that has since been abolished. Under the overcomplement system, certain employees, while not terminated, were placed in what the appellees described in their complaint as "limbo": their positions were abolished and they were not selected for promotions or other forms of advancement. Joint Appendix ("J.A.") at 23. No notice was given to employees placed in overcomplement status, nor were they afforded any opportunity to challenge their disfavored status. Appellees filed suit in the district court in March 1974, seeking damages and an injunction against the overcomplement system.
 
 
 3
 In June 1977, the district court granted appellees' motion for partial summary judgment. The order enjoined the overcomplement system, which the court found to deny appellees various employment rights, including the process rights usually associated with adverse personnel actions, J.A. at 67-70. Subsequent to the June 1977 decree, the parties entered into an arrangement for settlement of some damage claims and litigation of the rest before a Special Master.
 
 
 4
 In proceedings before the Special Master, appellees sought attorneys' fees for the litigation, claiming under the Back Pay Act as amended by the Reform Act. Appellants opposed the demand for fees, but the Special Master recommended that the district court order a fee award.[2] The district court approved the Special Master's finding that fees should be available, Crowley v. Muskie, 496 F.Supp. 360, 363-64 (D.D.C.1980), and entertained a motion to fix the amount of the fee award. After further proceedings (during which appellants renewed their challenge to the propriety of the fee grant), the district court accepted most of appellees' fee request, and entered orders in September and December of 1981 granting approximately $163,000 in attorneys' fees to various appellees. The State Department appealed the grant of fees, reiterating its claim that the Savings Clause should have been interpreted to block any fee award. Employee plaintiffs appealed the district court's order to the extent that it denied certain claims in their fee petition. Because we find that the Back Pay Act, as amended by the Reform Act, should not be read to grant appellees any fees, we do not address the various arguments as to the quantum of fees appropriate.
 
 II.
 
 5
 Appellees suggest that we lack jurisdiction to consider their entitlement to attorneys' fees. According to the appellees' theory, the district court's May 1980 order, which found that fees should be awarded but did not fix an amount, was final and appealable. The appellants noted an appeal from this order, but obtained dismissal of that appeal and instead pursued this one, which challenges both the propriety and the amount of the fee award. Appellees argue that appellants' failure to press their earlier appeal deprives us of jurisdiction over the issue addressed by the May 1980 order.
 
 
 6
 We cannot accept appellees' argument in either of the two forms it may take. Appellees appear to contend that the May 1980 order was collateral and appealable, relying on Memphis Sheraton Corp. v. Kirkley, 614 F.2d 131 (6th Cir.1980) (fee award which does not fix amount is appealable as collateral order). This argument relies first on what appears to be dictum in Memphis Sheraton, where the court did not actually decide the fee issue it held to be appealable, but remanded the case for other reasons, and second on the highly dubious proposition that failure to appeal a collaterally reviewable order precludes appellate consideration of the collateral issue when the entire case is before the appeals court, see 15 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure: Jurisdiction Sec. 3911, at 498-99 (1976) (collateral order should be reviewable when issued and when whole case is appealed).
 
 
 7
 Nor are we willing to adopt the other form of appellees' argument: that an order granting fees is itself final by way of being litigation-terminating, and the subsequent fixing of the amount of fees is collateral. This approach, which would encourage multiple appeals, is particularly inappropriate in a case such as this where the quantum of fees is a major issue. Appellees' argument was rejected by the en banc Third Circuit in Croker v. Boeing Co., 662 F.2d 975, 983-84 (3d Cir.1981), which specifically disapproved a case on which appellees rely on this point, Delong Corp. v. Raymond Int'l, Inc., 622 F.2d 1135 (3d Cir.1980). Boeing Co. v. Van Gemert, 444 U.S. 472, 481 n. 7, 100 S.Ct. 745, 751 n. 7, 62 L.Ed.2d 676 (1980), where attorneys' fees were to be awarded out of an already-fixed judgment fund, is not to the contrary. We have jurisdiction to hear this appeal.
 
 III.
 
 8
 Appellees make their claim for attorneys' fees under the remedial authority of the Back Pay Act, which grants certain specified relief to
 
 
 9
 (b)(1) An employee of an agency who, on the basis of a timely appeal or an administrative determination (including a decision relating to an unfair labor practice or a grievance) is found by appropriate authority under applicable law, rule, regulation, or collective bargaining agreement, to have been affected by an unjustified or unwarranted personnel action which has resulted in the withdrawal or reduction of all or part of the pay, allowances, or differentials of the employee--....
 
 
 10
 5 U.S.C. Sec. 5596(b)(1) (Supp. V 1981). The Reform Act expanded this relief to include "reasonable attorney fees related to the personnel action." Pub.L. No. 95-454, Sec. 702, 92 Stat. 1216 (codified at 5 U.S.C. Sec. 5596(b)(1)(A)(ii) (Supp. V 1981)). Application of the Reform Act to actions commenced before passage of that Act (such as this suit) is limited by the Savings Clause. If the Savings Clause applies to that part of the Reform Act which grants attorneys' fees in Back Pay Act cases, appellants will prevail. We find that it does.
 
 
 11
 The savings provision of the Reform Act provides in pertinent part:[3]
 
 
 12
 (b) No provision of this Act shall affect any administrative proceedings pending at the time such provision takes effect. Orders shall be issued in such proceedings and appeals shall be taken therefrom as if this Act had not been enacted.
 
 
 13
 Pub.L. No. 95-454, Sec. 902(b), 92 Stat. 1224 (codified at 5 U.S.C. Sec. 1101 note (Supp. V 1981)). Our first inquiry, then, is whether the suit in the district court was an "administrative proceeding" or an appeal therefrom.
 
 
 14
 The Back Pay Act states that relief, including attorneys' fees, is available when an "appropriate authority" finds that there was an "unjustified or unwarranted personnel action" and that finding is "on the basis of a timely appeal or an administrative determination." It is accepted practice for district courts to grant relief under the Back Pay Act even in suits that are not appeals from an administrative determination under any statutorily established appeal procedure. The instant case is just such a proceeding,[4] and the State Department does not challenge the applicability of the Back Pay Act. For the purpose of this case, we read the Back Pay Act as supplying a remedy in suits in the district courts such as this one. We must inquire, then, whether the meaning assigned to certain words in the Back Pay Act should also be assigned to them in the Reform Act's Savings Clause, when the question is the applicability of the latter to the former.
 
 
 15
 The natural first response to this question is to demand consistency in the interpretation of related and almost identical statutory phrases. Arguments of consistency do carry weight, and surely it would be at least anomalous to give appellees the benefit of an interpretation of words in applying the Back Pay Act and deny that very benefit to the government in interpreting the Savings Clause. But while they are influential, principles of consistency cannot be regarded as dispositive; words can mean one thing in one place and something else in another.
 
 
 16
 We turn, therefore, to considerations of statutory structure and history, and find that they support the application of the Savings Clause to the Back Pay Act. By way of structure, we observe that the Reform Act provides for attorneys' fees in two sections of Title 5 of the U.S.Code: section 7701 and section 5596 (the Back Pay Act). Pub.L. No. 95-454, Secs. 205, 702, 92 Stat. 1138-40, 1216. Section 7701 is a basic provision regulating the appellate procedures of the Merit Systems Protection Board--principally, hearings before the Board and its administrative law judges. 5 U.S.C. Sec. 7701 (Supp. V 1981). Under section 7701(g)(1), the Board or its law judge may award attorneys' fees to prevailing employees. We note that proceedings under section 7701 are administrative in nature.
 
 
 17
 The other Reform Act attorneys' fees provision is the amendment to the Back Pay Act at issue in this case. Section 5596, as it has been interpreted, prescribes the applicable remedies in both administrative and judicial proceedings; either an agency or a court may be an "appropriate authority" that remedies an "unjustified or unwarranted personnel action."[5] Under the Reform Act amendments to the Back Pay Act, either may be required to award reasonable attorneys' fees to a prevailing employee.
 
 
 18
 There are, then, three classes of decision-makers who may be called upon to award attorneys' fees under the Reform Act's fee provisions: (1) the MSPB and its administrative law judges, (2) other agency adjudicators providing relief pursuant to the Back Pay Act, and, given the construction we are accepting arguendo, (3) courts acting under the Back Pay Act. Two of these types of decision-makers are administrative, one judicial. By its terms, the Savings Clause applies to "administrative proceedings." Hence there is no question but that the Savings Clause applies to two of the three situations in which the Reform Act provides for fees. There is no reason to suppose that the third situation, that of judicial relief under the Back Pay Act, should be treated any differently.[6] The case is strong, therefore, for treating attorneys' fees claims in district court cases no more favorably than claims in administrative proceedings.
 
 
 19
 The legislative history supports this structural analysis. As the parties virtually agree, there is really nothing to be gathered from the history of the Savings Clause. We find, however, that the treatment of the attorneys' fees provisions of the Reform Act is suggestive. The Conference Report, in its brief discussion of attorneys' fees, treats section 7701(g)(1) and section 5596(b)(1)(A)(ii) in the same paragraph. H.R.Rep. No. 1717, 95th Cong., 2d Sess. 142 (1978) (Conference Report), U.S.Code Cong. & Admin.News 1978, p. 2723. Congress considered section 7701(g)(1)--to which the Savings Clause applies--and section 5596(b)(1)(A)(ii)--to the administrative aspect of which the Savings Clause applies--together. There was no suggestion that the judicial aspect of section 5596 be separated and treated specially.[7] We find no reason to treat differently provisions which analytically fit together and which Congress considered together. The Savings Clause should apply to all of them.
 
 
 20
 Our decision is based on a reading of two parts of the Reform Act as they relate to one another. An examination of other possible guides to interpretation shows that they are of extremely limited usefulness in deciding the highly specific and somewhat unusual question presented in this case. In order to set our statutory analysis in proper context, we canvass briefly the other relevant authorities.
 
 
 21
 Most nearly on point is the case of Nibali v. United States, 634 F.2d 494 (Ct.Cl.1980), an employee's back pay case brought prior to passage of the Reform Act but decided by the court subsequent to passage. Plaintiff Nibali, after prevailing on the merits, sought attorneys' fees under the Back Pay Act as amended by the Reform Act. The Court of Claims rejected the petition for fees, finding that the Reform Act amendments granting attorneys' fees should not apply to suits instituted before the statute was enacted. In its holding, then, Nibali is fully in accord with our decision today. Unfortunately, the plaintiff's argument, rejected by the court, was sufficiently peculiar to render the reasoning of the case largely unhelpful. Nibali seems to have rested his case on a negative inference of retroactivity of the attorneys' fees provision from the fact that the Savings Clause did not in terms cover suits in the Court of Claims. Id. at 496. While the Court of Claims was appropriately unimpressed with this approach, the decision in Nibali responds to the convoluted structure of the plaintiff's argument. Since appellees here do not present their claim in such a fashion, Nibali is only slightly persuasive on appellants' behalf.
 
 
 22
 On the other side of the question, but even less persuasive, is Payne v. Panama Canal Co., 607 F.2d 155 (5th Cir.1979). There the Fifth Circuit evidently assumed that the Reform Act amendment to the Back Pay Act made attorneys' fees available in an action commenced before and decided after 1978. Id. at 160-63. Unfortunately, the court of appeals did not address the Savings Clause; it found that Congress had been silent on the retroactivity question. Id. Having found that the Reform Act amendment to the Back Pay Act was applicable to suits instituted before the Reform Act passed, the Payne court went on to find that the amendment only granted fees in cases growing out of unfair labor practices and Chapter 71 grievances. Id. at 163-64. This is an extremely strained reading of section 5596(b)(1)(A)(ii),[8] as the district court noted in this case. 496 F.Supp. at 363-64. Payne does little to aid our inquiry.
 
 
 23
 Two decisions of this court discussed by the parties are of extremely limited relevance. Kyle v. ICC, 609 F.2d 540 (D.C.Cir.1979), interpreted the Savings Clause, but did so in the context of normal appellate review of a Merit Systems Protection Board decision. Kyle did not involve the remedial authority of a district court under the Back Pay Act and is not suggestive where the puzzle is the application of the Reform Act's Savings Clause to that part of the Reform Act that amends the Back Pay Act. Similarly, Frazier v. Merit Systems Protection Board, 672 F.2d 150 (D.C.Cir.1982), interprets the attorneys' fees provision of 5 U.S.C. Sec. 7701(g)(1) (Supp. V 1981), which applies to cases before the MSPB, not the courts.
 
 
 24
 Appellants, following Kyle, suggest that the MSPB's regulations implementing the Savings Clause are instructive:
 
 
 25
 (b) Administrative proceedings and appeals therefrom. No provision of the Civil Service Reform Act shall be applied by the Board in such a way as to affect any administrative proceeding pending at the effective date of such provision.... An agency proceeding is considered to exist once the employee has received notice of the proposed action.
 
 
 26
 5 C.F.R. Sec. 1201.191(b) (1983). This provision, by its terms, applies to administrative proceedings. Its reference to the Board and to notice strongly suggests that the regulation is not at all addressed to district court suits to which the Back Pay Act applies. This regulation has the same problem here as does the Kyle case: it does not address the peculiar statutory posture of the Back Pay Act.[9]
 
 
 27
 Since this suit was instituted before the Reform Act was passed, the Savings Clause of that Act requires that the Back Pay Act be applied as it would have been prior to the Reform Act. The unamended Back Pay Act makes no provision for attorneys' fees. Accordingly, the orders of the district court granting attorneys' fees are reversed, and the order of the district court denying certain parts of the fee application is affirmed on the grounds that no fees should have been awarded.
 
 
 28
 No. 81-2213: reversed.
 
 
 29
 No. 81-2352: reversed.
 
 
 30
 No. 82-1007: affirmed.
 
 Separate Statement of BORK, Circuit Judge:
 
 31
 I write this additional statement to preserve an issue not reached in my opinion for the court. We decide today that attorneys' fees are not available to appellees because of the Reform Act's Savings Clause. In reaching this holding, we assume that, absent the Savings Clause, the Back Pay Act applies to cases such as this--that is, to de novo suits in district court that are not brought pursuant to any statutory appeal procedure. As the opinion for the court notes, appellants do not challenge the Back Pay Act's applicability, and the issue has not been briefed and argued. Moreover, a decision that the Back Pay Act does not apply would lead to the same judgment--that appellees are not entitled to fees. Under the circumstances, we appropriately assume that the Back Pay Act applies. The Savings Clause will not apply, however, to suits brought after the passage of the Reform Act; it is for such cases that I raise this matter.
 
 
 32
 Had the issue been joined, it seems to me that we might well have decided that the Back Pay Act does not cover cases of this sort. According to that Act, relief is available "on the basis of a timely appeal or an administrative determination." 5 U.S.C. Sec. 5596(b)(1) (Supp. V 1981). This suit is neither. Unlike Hoska v. United States Department of Army, 694 F.2d 270 (D.C.Cir.1982), for example, this case does not involve an earlier appeal to an agency whose decision was then reviewed by a court. It seems unnatural to read the phrases "timely appeal" or "administrative determination" to cover an original action in the district court. In addition, the legislative history may plausibly be read to dispose of the issue. "The words 'timely appeal' refer to an appeal which is properly made to a Government agency or to the U.S. Civil Service Commission ...." H.R.Rep. No. 32, 89th Cong., 1st Sess. 4 (1965) (House Report on Back Pay Act). No mention is made of courts.
 
 
 33
 While it is impossible confidently to say how we would have decided this issue had there been briefing and argument, I raise the question lest an apparent misreading of the Back Pay Act becomes established law through inattention.
 
 
 
 [1]
 We refer to Crowley, et al., plaintiffs below and appellees and cross-appellants here, as appellees. Defendants below, appellants and cross-appellees here, are referred to as appellants
 
 
 [2]
 This appeal involves only the issues related to attorneys' fees; other objections that appellants had to the report of the Special Master are not before us
 
 
 [3]
 Appellants also argue for application of the third subsection of the Savings Clause, Pub.L. No. 95-454, Sec. 902(c), 92 Stat. 1224, which refers to any "suit, action, or other proceeding lawfully commenced by or against the Director of the Office of Personnel Management or the members of the Merit Systems Protection Board, or officers or employees thereof ...." While the relevance of subsection (c) is not clear to us, we decide on the basis of subsection (b) and need not address the other issue
 
 
 [4]
 Plaintiffs below did not sue under any statutorily prescribed "appeal" procedure. Appellants have argued that State Department grievance hearings constituted "administrative proceedings" within the meaning of the Savings Clause, so that this suit is an appeal therefrom instituted before the Reform Act passed. Appellees have controverted this claim. While we treat this suit as wholly de novo, the alternative is to regard it as an appeal from agency proceedings as appellants urge. Since the Savings Clause applies in either event, the outcome here does not turn on our decision as to whether this case is an appeal from an agency determination in the usual sense of these words
 
 
 [5]
 Cf. Hoska v. United States Department of Army, 694 F.2d 270, 274-75 (D.C.Cir.1982) (court of appeals authorized under Back Pay Act to award attorneys' fees in appeal from decision of Merit Systems Protection Board)
 
 
 [6]
 Only one argument for treating de novo suits in which relief is sought under the Back Pay Act differently occurs to us. Such suits are most likely where there is no effective agency remedy available. Indeed, the district court in this case specifically disapproved the overcomplement system that gave rise to this suit because of its lack of procedural safeguards. J.A. at 69. Appellees seek to rely on this failure, and urge that it would be unjust to apply a savings provision that speaks of administrative proceedings to benefit an agency whose wrongdoing is precisely a failure to provide such proceedings. Brief for Appellees at 32
 This appeal to justice seems to us misplaced. For one, we do not hold that anything the State Department did (or did not) constituted administrative proceedings under the Savings Clause; rather, we interpret the phrase "appeals" from "administrative proceedings" in the Savings Clause to include suits such as this, just as the phrase "timely appeal or an administrative determination" in the Back Pay Act includes this suit. Moreover, by invoking the Savings Clause, the State Department is not attempting to profit from its own wrong. Had agency procedures been available to appellees, and had they pursued those procedures at the time they brought this lawsuit, the Savings Clause would clearly apply--that is, had the State Department treated appellees correctly by providing administrative procedures, they would not be entitled to attorneys' fees. The State Department's failure to provide procedures forced appellees to replace administrative proceedings in which no fees would have been available with a lawsuit in which they now seek fees. All that appellees are entitled to in this case is the treatment they would have had had the State Department behaved properly; since such treatment does not include attorneys' fees, considerations of fairness do not support appellees' reading of the Savings Clause.
 
 
 [7]
 The Senate and House committee reports do treat the amendments to the Back Pay Act separately from section 7701(g)(1), but only the House Report includes a provision for attorneys' fees, and it does not suggest that administrative and judicial proceedings should be treated differently in any way. S.Rep. No. 969, 95th Cong., 2d Sess. 114-15 (1978); H.R.Rep. No. 1403, 95th Cong., 2d Sess. 60-61 (1978), U.S.Code Cong. & Admin.News 1978, p. 2723
 
 
 [8]
 The principal support for the Fifth Circuit's interpretation appears to be the heading of section 702 of the Reform Act, which effected the amendment of section 5596: "Backpay in Case of Unfair Labor Practices and Grievances." Pub.L. No. 95-454, Sec. 702, 92 Stat. 1216. But what the section is called and what it says are not the same thing
 
 
 [9]
 Another possible source of guidance is a former Civil Service Commission regulation (in effect when suit was filed), 5 C.F.R. Sec. 550.803 (1974), which prescribed certain cases to which the Back Pay Act applied. The regulation, in defining "an administrative determination or a timely appeal," refers to sua sponte agency corrective action, 5 C.F.R. Sec. 550.803(a) (1974), and to decisions under established agency appeal procedures, 5 C.F.R. Sec. 550.803(b) (1974). The definition does not, however, address court decisions not taken pursuant to an established appeal procedure, and so is not helpful in this case