James D. CROWLEY et al., Plaintiffs,

v.

Edmund S. MUSKIE et al., Defendants.

Civ. A. No. 74–494.

United States District Court,
District of Columbia.

May 22, 1980.

Lawrence Speiser, Washington, D. C., for plaintiffs.

Whitney Adams, Asst. U. S. Atty., Paul M. Coran, U. S. Dept. of State, Washington, D. C., for defendants.

## MEMORANDUM OPINION

AUBREY E. ROBINSON, Jr., District Judge.

The instant action has had a long and troubled history. In 1974 Plaintiffs brought a class action suit, claiming that Defendants placed Plaintiffs in "overcomplement" status, thus depriving them of their rights as Civil Service employees. On June 24, 1977, in a Memorandum Opinion and Order, this Court granted partial Summary Judgment to Plaintiffs. The only issues remaining after the issuance of the 1977 Opinion were (1) what individuals were placed in overcomplement status, and (2) what relief is appropriate to those individuals.

On October 28, 1977, this Court signed a consent decree and order that provided for the effectuation of notice to all members of the class, informing them of their right to file claims for any specific career damage or loss of opportunity they believed they may have suffered by reason of their having been placed in overcomplement status. On November 1, 1978, another stipulation and consent agreement was signed by the Court establishing procedures to resolve the claims of all individuals dissatisfied with Defendants' settlement offers. The November 1 agreement provided, *inter alia*, that all claims would be presented to a Special Master for resolution, that Paul Weil, a retired Administrative Law Judge, shall serve as Special Master, and that all recommendations of the Special Master are

appealable to this Court. Now before the Court are objections to the findings and recommendations made by Special Master Weil.

## I. The Class

The Class, as defined by this Court's Order of January 2, 1975, is composed of all Civil Service employees whose positions have been abolished and who have been placed in overcomplement status. The Special Master found that two individuals, Willie Waiters and Leonard Pomeroy, did not meet this description. While Mr. Waiters has been placed in a dead end job that might be akin to overcomplement status, his position has not been abolished. He is not a member of the Plaintiff class. Likewise, Mr. Pomeroy was a Foreign Service Reserve Officer placed in Foreign Service overcomplement status. Foreign Service overcomplemency was not encompassed by this litigation; Pomeroy is therefore not a member of the Plaintiff class. The findings of the Special Master regarding the claims of Waiters and Pomeroy must be affirmed.

## II. Defendants' Objections

Defendants object to portions of the Special Master's findings on four grounds, to wit: (1) that the recommended retroactive promotion, back pay, and money damage relief is barred by the doctrine of immunity, (2) that the recommended order of monetary relief to two claimants (Newmaster and Smith) would violate the Classification Act, 5 U.S.C. §§ 5536 *et seq.*, (3) that one claimant (Collins) is precluded from receiving damages because of the Statute of Limitations, and (4) that the recommendation providing for attorney's fees is contrary to law. The Court finds that Defendants' claims are without merit, and grants all of the relief recommended by Special Master Weil.

### A. The Back Pay Act

This Court has already found that Plaintiffs were wrongfully removed from their Civil Service jobs when they were placed in overcomplement status, that the placement

of Plaintiffs in overcomplemency constituted illegal reductions in force and adverse actions, and that Plaintiffs were entitled to damages.[1] Defendants did not appeal the Court's findings; rather, they consented to the judgment of the Court. The October 28, 1977 stipulation indicates the scope of this consent. It provides for the giving of notice to potential members of the class, and indicates what remedies were envisioned by Defendants. That stipulation states, *inter alia*, that Plaintiffs should

> file a claim for any *specific career damage or loss of opportunity* . . . suffered by reason of having been placed [on overcomplement] status.

> If [Plaintiffs] do not [file notice] by midnight of December 1, 1977, [they will] be unable thereafter to make any claim of *economic or other disadvantages* against the Department . . .

·Pursuant to the October 28 stipulation, Defendants entered into settlement negotiations with Plaintiffs. Approximately one third of the Plaintiffs settled their claims; all of those Plaintiffs received money damages, and most received upgraded positions. The November 1, 1978 stipulation was effectuated to provide relief to those Plaintiffs dissatisfied with Defendants' settlement offers. Special Master Weil was given the authority to ascertain what damages were suffered and what relief was appropriate. Defendants now attempt to resurrect defenses long since waived in the instant litigation. They are precluded from doing so because of the valid settlement agreements and the Back Pay Act.

It is beyond dispute that the settlement agreements provided that Plaintiffs would be compensated for career damage, loss of pay, and loss of opportunity due to overcomplemency. The issues left for resolution by the Special Master were primarily factual, *viz.* what individuals were placed in overcomplement status, and to what extent were their careers damaged by such placement. The only legal issues left unresolved by the settlement agreements were (1) are Plaintiffs entitled to attorneys fees, and (2)

---

1. See this Court's Memorandum Opinion of June 24, 1977.

were the remedies recommended by the Special Master reasonable in light of the damages suffered by the individual Plaintiffs. The assertions now posited by Defendants exceed the limited scope of objections permissible under the settlement agreements. Since the agreements are valid and enforceable, Defendants are estopped from making these contentions. *See U. S. v. McInnes,* 556 F.2d 436, 441 (9th Cir. 1979).

Assuming *arguendo* that the settlement agreements do not preclude the asserted defenses, they must fall as a matter of law. The Back Pay Act, 5 U.S.C. § 5596, states in pertinent part:

(b)(1) An employee of an agency who, on the basis of a timely appeal or an administrative determination (including a decision relating to an unfair labor practice or a grievance) is found by appropriate authority under applicable law, rule, regulation, or collective bargaining agreement, to have been affected by an unjustified or unwarranted personnel action which has resulted in the withdrawal or reduction of all or part of the pay, allowances, or differentials of the employee—

(A) is entitled, on correction of the personnel action, to receive for the period for which the personnel action was in effect—

(i) an amount equal to all or any part of the pay, allowances, or differentials, as applicable which the employee normally would have earned or received during the period if the personnel action had not occurred, less any amounts earned by the employee *through other employment during that period;* and

(ii) reasonable attorney fees related to the personnel action which, with respect to any decision relating to an unfair labor practice or a grievance processed under a procedure negotiated in accordance with Chapter 71 of this title [5 USCS §§ 7101, et seq.], shall be awarded in accordance with standards established under section 7701(g) of this title [5 USCS § 7701(g)]; and

(B) for all purposes, is deemed to have performed service for the agency during that period, except that—

(i) annual leave restored under this paragraph which is in excess of the maximum leave accumulation permitted by law shall be credited to a separate leave account for the employee and shall be available for use by the employee within the time limits prescribed by regulations of the Office of Personnel Management, and

(ii) annual leave credited under clause (i) of this subparagraph but unused and still available to the employee under regulations prescribed by the Office shall be included in the lump–sum payment under section 5551 or 5552(1) of this title [5 USCS § 5551 or § 5552(1)] but may not be retained to the credit of the employee under section 5552(2) of this title [5 USCS § 5552(2)].

As the Supreme Court stated in *U. S. v. Testan,* 424 U.S. 392, 405, 96 S.Ct. 948, 956, 47 L.Ed.2d 114 (1976), the Back Pay Act gives the Court the authority to "provide a monetary remedy for wrongful reductions in grade, removals, suspensions, and 'other unwarranted or unjustified actions affecting pay or allowances [that] could occur in the course of reassignment.'" Defendants argue that, contrary to this Court's June 24, 1977 Opinion, overcomplemency did not constitute an "unwarranted or unjustified action affecting pay." Rather, Defendants allege that overcomplemency constituted a "reclassification" which did not reduce Plaintiffs' grades or pay, and therefore Plaintiffs are not entitled to monetary relief.

■ This contention is meritless. A reclassification action involves individuals who were arguably erroneously classified. *Id.,* at 397–400, 96 S.Ct. at 952–954. Plaintiffs were not erroneously classified. Rather, they were declassified and illegally removed from their positions. They were not reclassified within the meaning of *U. S. v. Testan, supra.* Defendants claim that Plaintiffs' grades were not "reduced" by their placement in overcomplement status.

This allegation is baseless. Plaintiffs were removed from the whole Civil Service process, and thus their grades were completely reduced. The Back Pay Act, and the stipulations entered into by Defendants, each provide authorization for the relief recommended by the Special Master.

## B. The Classification Act

The Classification Act, 5 U.S.C. § 5101, was enacted "to provide a plan for classifications whereby . . . the principle of equal pay for substantially equal work would be followed." *Id.*, at 399, 96 S.Ct. at 954. Defendants allege that the relief recommended for Plaintiffs Newmaster and Smith would violate the Classification Act because those Plaintiffs would receive monetary damages in excess of the salary commensurate with the recommended grade. No violation of the Act would result from this Court's affirmance of the Special Master's recommendations, however.

■ Plaintiffs, by being placed in overcomplement status, were removed from their classification and denied the potential for promotion. This potential for promotion includes the job training inherent in the performance of their Civil Service jobs. Compensation for the deprivation of promotion potential is part of the settlement agreement entered into by Defendants. It is clear that Plaintiffs, who would be qualified to perform certain jobs had they not been put in overcomplementy, are not now qualified to perform those jobs. The damages suffered by Plaintiffs due to the loss of promotion potential is quantifiable, and has been so quantified by the Special Master in the instant case. This compensation merely corrects the injuries suffered by Plaintiffs; as such, it puts them on no better footing than any other Civil Service employee. The Classification Act does not preclude the relief recommended in the instant case.

## C. The Statute of Limitations

■ Defendants' Statute of Limitations claim is insubstantial. They assert that the Special Master found that the primary harm suffered by Plaintiff Collins resulted from overcomplementy occurring prior to March of 1968, and thus Ms. Collins is not entitled to relief. In his report, however, the Special Master specifically mentioned that Ms. Collins could only be compensated for injury occurring within the limitations period. He granted relief only for the damages resulting from the overcomplementy suffered by Collins subsequent to March 1968. Ms. Collins is entitled to the relief recommended by Mr. Weil.

## D. Attorney's Fees

Plaintiffs predicate their claim for attorney's fees on the Back Pay Act. *See* page 361, *supra.* The government contends that the Back Pay Act waives sovereign immunity regarding attorney's fees only with respect to appeals heard before the Merit Systems Protection Board and its agents, and certain unfair labor practice cases and grievances decided and processed pursuant to Chapter 71, Title V, of the United States Code. They cite *Payne v. Panama Canal Co.*, 607 F.2d 155 (5th Cir. 1979) as authority for this proposition. Defendants are correct that *Payne* supports their analysis. Unfortunately, neither the Court in *Payne*, nor Defendants in this case, give a fair reading to the Back Pay Act.

Plaintiffs are employees of the State Department, an agency within the meaning of the Back Pay Act. This Court, an appropriate authority within the meaning of that Act, has found that Plaintiffs were affected by unjustified personnel actions that resulted in the reduction of pay. Plaintiffs are therefore entitled to

> reasonable attorney's fees related to the personnel action which, with respect to any decision relating to an unfair labor practice or a grievance processed under a procedure negotiated in accordance with Chapter 71 of this title . . ., shall be awarded in accordance with the standards established under section 7701(g) of this title.

5 U.S.C. § 5596(b)(1)(A)(ii). Under this provision, all prevailing Plaintiffs are entitled to reasonable attorney's fees related to the

**364**

personnel action. If the personnel action involves an unfair labor practice or a Chapter 71 proceeding, then the amount of the attorney's fees must be ascertained in accordance with 5 U.S.C. § 7701(g). Otherwise, as in the instant case, attorney's fees are to be ascertained as is consistent with prevailing standards.

### III. The Special Master's Recommendations

The Special Master has carefully sifted through the morass of information underlying Defendants use of overcomplemency. In every instance, his recommendations reflect a sensitivity to the needs of both Plaintiffs and Defendants. Neither side has objected to his factual findings, nor claimed that the recommended remedies are disproportionate to the injuries suffered. This being the only legal basis upon which to predicate a challenge to the Special Master's recommendations, it is by the Court this 22nd day of May, 1980,

ORDERED, that the Special Master's recommendations, as reflected in the Order affixed hereto, be AFFIRMED *in toto.*