**Henderson KEA, Jr., Petitioner,**

v.

**POLICE AND FIREMEN'S RETIRE-
MENT AND RELIEF BOARD,
Respondent.**

**No. 80–191.**

District of Columbia Court of Appeals.

Argued Dec. 10, 1980.

Decided March 19, 1981.

Karl E. Davis, Washington, D. C., for petitioner.

Philip T. Vanzile, III, Asst. Corp. Counsel, with whom Judith W. Rogers, Corp. Counsel, and David P. Sutton, Deputy Corp. Counsel, Washington, D. C., were on brief, for respondent.

Before KELLY and NEBEKER, Associate Judges, and PAIR, Associate Judge, Retired.

NEBEKER, Associate Judge:

Petitioner seeks reversal of a decision of the Police and Firemen's Retirement and Relief Board pursuant to D.C.Code 1980 Supp., § 4–530, finding him to have recovered from his disability and thereby terminating his annuity. Concluding that the Board has misallocated the burden of proof in this case, we reverse.

Petitioner, formerly an officer of the United States Park Police in the District of Columbia, was retired, pursuant to D.C. Code 1980 Supp., § 4–527, on March 9, 1974. He was found physically incapacitated for further duty by reason of a disability incurred in the performance of his duty as a policeman.

In April of 1971, petitioner was shot three times while attempting to foil a robbery. He was subsequently hospitalized for several months. Though returning to work in August of the same year, debilitating pains persisted, effectively preventing petitioner from carrying out his duties. In January of 1974, after numerous medical examinations, the Board of Police and Fire Surgeons concluded that "residuals" from the bullets still lodged within petitioner's body and fully disabled him. A hearing and the formal retirement order followed.

In 1977, petitioner underwent two separate medical examinations by doctors with the Board of Police and Fire Surgeons. The Retirement Board, pursuant to statutory mandate, compelled petitioner to undergo these examinations as part of a continuing requirement for review of annuitants. D.C.Code 1973, § 4–533; Police and Firemen's Retirement and Relief Board Regulations, § XIII(a). Due to the recommendations of the examining physicians, the Retirement Board determined that a hearing should be held concerning petitioner's continued eligibility for his annuity. Armed with the examining physicians' conclusions that there were "no objective manifestations of physical incapacity," the Board convened the hearing and placed at issue whether petitioner had *recovered* from his disability.[1] It is apparent to us, under the above facts, that the Board must bear the burden of demonstrating with substantial evidence that petitioner had recovered. *See Amico v. Division of Retirement, Department of Administration*, 352 So.2d 556 (Fla. Dist.Ct.App.1977).[2]

It is a fundamental principle of administrative, statutory and case law that the "burden of proof is on the proponent of the rule or order." D.C.Code 1973, § 1–1509(b); 5 U.S.C. § 556(d) (1976). In *Brewington v. District of Columbia Board of Appeals and Review*, D.C.App., 287 A.2d 532 (1972), we specifically made the DCAPA applicable to proceedings before the Retirement Board. *See* D.C.Code 1973, §§ 1–1501, –1510. The Rules and Regulations of the Board themselves incorporate this specific evidentiary rule as to the burden. Police and Firemen's Retirement and Relief Board Regulations, § XV. Further, it is generally held that the proper allocation of the burden of proof is among the essential rules of evidence which must be observed in adjudication by administrative agencies. *Philadelphia Co. v. Securities and Exchange Commission*, 84 U.S. App.D.C. 73, 175 F.2d 808 (1948); *Pan American Petroleum Corp. v. Wyoming Oil and Gas Conservation Commission*, 446 P.2d 550 (Wyo.1968). In sum, there is no justification for finding that this "fundamental principle" is not applicable to this particular administrative adjudication. And yet, the Board clearly thought otherwise.

> The retirement Board finds that, notwithstanding Mr. Kea's belief that he *cannot perform police duties in the grade and class of position last held, he can perform useful and efficient service for the U.S. Park Police, in the grade and class of position held prior to his retirement.* Indeed, *Mr. Kea failed to convey the burden of proof in demonstrating with reasonable medical certainty that he was not recovered from the disability for which he was retired.* [Finding of Fact No. 15 (emphasis added).]

It is the opinion of this court that by placing the burden of demonstrating "with reasonable medical certainty that he was not recovered from the disability" upon pe-

---

1. We note that the record demonstrates quite clearly that petitioner wanted no part of the proceedings.

2. We reverse on the limited grounds of the Retirement Board's failure to assume the burden of demonstrating with substantial evidence that petitioner had recovered. We do not reach nor do we offer any opinion as to the evidence presented at the hearing which goes toward this substantive issue.

titioner, the Retirement Board committed reversible error. The Board's decision is reversed, and it is ordered that petitioner's annuity be reinstated retroactive to the date of its termination.

*Reversed.*