Richard A. HOBSON, Petitioner,

v.

DISTRICT OF COLUMBIA POLICE AND
FIREMEN'S RETIREMENT AND RE-
LIEF BOARD, Respondent.

No. 82–14.

District of Columbia Court of Appeals.

Nov. 10, 1982.

Before NEBEKER and FERREN, Associate Judges.

ORDER

PER CURIAM.

Before us are respondent's motion to remand the record for a period of 15 days for clarification of the findings of fact below and petitioner's opposition thereto. Petitioner, a member of the District of Columbia police force, after a hearing before the Police and Firemen's Retirement and Relief Board (hereinafter "Board"), was involuntarily separated from the department pursuant to D.C.Code 1981, § 4–619:

> If any member is injured or contracts a disease during his first 5 years of service in his department which, in the judgment of the Board of Police and Fire Surgeons, disables him from performing further duty in his department, and if the Police and Firemen's Retirement and Relief Board finds that such injury or disease was not incurred in the performance of duty in his department, such member shall, upon the approval of such finding by the head of his department, and without regard for the provisions of any other law or regulation, be separated from service.

"Upon the filing of a Petition for Review, [this] court shall have jurisdiction of the proceeding, and ... [may] remand the case for further proceedings, as justice may require." D.C.Code 1981, § 1–1510(a). In our exercise of this discretion, we are sensitive to the nature of the interests affected by the administrative action. Where, as here, an individual's means of livelihood is terminated, we are disinclined to permit the Board one or even more opportunities to "get it right." We think that in matters such as this we cannot allow a probably erroneous separation order to become the subject of a remedy by remand without the concomitant remedy of return to the status quo while final agency action is deliberated. Therefore, our decision must rest on the propriety of the Board's *present* findings of fact and conclusions of law.

We are aware that we have frequently permitted remands for clarification and/or supplementation of the record. We emphasize, however, that those cases most often involved a grant or denial of an order not affecting livelihood through employment or other means of livelihood termination. *See, e.g., Jameson's Liquors, Inc. v. District of Columbia,* D.C.App., 384 A.2d 412, 420 (1978); *Northeast Liquor, Inc. v. District of Columbia,* D.C.App., 302 A.2d 222, 225 (1973). The plain result of the Board's action here is to terminate petitioner's employment. Petitioner accurately asserts— and the motion for remand impliedly

agrees—that the Board appears to have misallocated the burden of proof in this involuntary retirement proceeding. We cannot permit remedial surgery on apparently haphazard administrative decision-making where such critical interests are at stake and the remedy for error is reinstatement and possible back pay. 5 U.S.C. § 5596(a)(5), (b)(1) (Supp. IV 1980). *See Saunders v. Police and Firemen's Retirement and Relief Board,* D.C.App., 444 A.2d 16, 17, 18 (1982); *Kea v. Police and Firemen's Retirement and Relief Board,* D.C. App., 429 A.2d 174, 176 (1981); *Money v. Cullinane,* D.C.App., 392 A.2d 998, 1004–05 (1978) (Nebeker, J., concurring). *Cf. Seebach v. United States,* 182 Ct.Cl. 342 (1968) (remedies under 5 U.S.C. § 5596 applicable to improper removal under federal involuntary disability retirement statute, 5 U.S.C. § 8337); *Crowley v. Muskie,* 496 F.Supp. 360 (D.D.C.1980) (state department employees improperly removed when placed in overcomplement status are entitled to retroactive promotion, back pay and attorney fees).

The motion for remand is therefore denied, and respondent is ordered to show cause, if any there be, within 15 days of the date of this order, as to whether there is a basis upon which the Board's action may be sustained.