Leisa THOMAS, Appellant (Plaintiff),

v.

Gary THOMAS, Appellee (Defendant).

Marva A. JACKSON, Appellant
(Plaintiff–Obligee),

v.

John M. JACKSON, Appellee
(Defendant–Obligor).

Nos. 95–181, 95–210.

Supreme Court of Wyoming.

March 18, 1996.

Eric A. Easton, Natrona County Attorney; William Chambers, Natrona County Child Support Enforcement, Casper, for appellants.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

GOLDEN, Chief Justice.

In these consolidated cases, the custodial parents appeal a district court's decisions modifying two child support decrees by lowering the age of majority for child support purposes from age nineteen to age eighteen.

We reverse and remand.

## ISSUES

Appellants Leisa Thomas and Marva Jackson present the same issue for our review:

Where before the effective date of a statute changing the age of majority from nineteen (19) to eighteen (18) years a child support order specified 19 years as the age at which the divorced father's duty to make support payments would end, was the District Court in error in. terminating the duty of support at the new age of majority?

Appellees Gary Thomas and John Jackson did not file briefs.

## FACTS

Leisa and Gary Thomas were divorced on August 19, 1992. Leisa Thomas was awarded custody of their minor child born on January 7, 1977. Gary Thomas was directed to pay child support in an order that stated:

*Child Support:* Defendant should be, and he hereby is, ordered to pay reasonable child support in the sum of $300 per month for the support of the parties' minor child. The Court finds that it would be unjust to follow the child support guidelines established in Section 20–6–304, Wyoming Statutes, in this case. Defendant shall pay child support on or before the 5th day of each month, commencing with August, 1992, and continuing each and every month thereafter until the minor child reaches the age of 19, is otherwise emancipated, or until further Order of the Court.

Gary Thomas failed to make child support payments for several months in 1994 and 1995. Following his request for modification, the district court upheld the current child support, found him in arrears, but found that the divorce decree should be amended, apparently to reflect that the age of majority was changed by the Wyoming Legislature, effective July 1, 1993, reducing it from nineteen years to eighteen years of age.

Marva and John Jackson were divorced on December 30, 1987. Marva Jackson was awarded custody of their four minor children, aged fourteen, twelve, eleven, and nine years. The child support decree ordered John Jackson to:

pay child support in the amount of $125.00 per month per child for a total of $500.00 per month beginning December 1, 1987.... maintain medical and health insurance on the parties' minor children so long as it is available through employment. All such health, dental, optical or other costs not covered by insurance shall be divided equally between the parties. Defendant shall pay the first $50.00 per month of the orthodontic bills for the parties' minor children, and Plaintiff shall pay all amounts thereafter. Each party shall maintain their existing life insurance policies, and name the minor children of the parties as beneficiaries.

John Jackson failed to make child support payments or medical bill payments and an enforcement action for child support arrears was filed. The Natrona County Child Support Enforcement Office filed a "Notice of Delinquency" alleging $25,351.76 was owed.

John Jackson contended this figure was based upon an age of majority of nineteen. Calculating the age of majority as eighteen caused about an $8,000.00 difference. Following a hearing, the district court determined that the age of majority for the children is eighteen years of age.

These appeals followed.

## DISCUSSION

### Standard of Review

■■■ Statutory interpretation is a question of law. In reviewing a district court's conclusion of law, we give it no deference. If the conclusion is in accordance with law, it is affirmed, and if it is not, the conclusion is corrected. *Parker Land and Cattle Co. v. Wyo. Game and Fish Comm'n*, 845 P.2d 1040, 1042 (Wyo.1993).

### Statutes

In 1993, the Wyoming Legislature changed the age of majority in a number of areas. 1993 Wyo.Sess.Laws. Chap. 1, § 1. Under Title 14 of the Wyoming Statutes, which pertains to children, Wyo.Stat. § 14–1–101 (1977) was amended to read:

(a) Upon becoming ~~nineteen (19)~~ EIGHTEEN (18) years of age, an individual reaches the age of majority and as an adult acquires all rights and responsibilities granted or imposed by statute or common law, except as otherwise provided by law.

1993 Wyo.Sess.Laws. Chap. 1 § 1.

■■■ Upon an individual's attaining the age of majority, the statute considers the individual emancipated, with all rights and responsibilities of an adult. Wyo.Stat. § 14–1–101(a) (1994). In the context of child support, emancipation generally means that a parent is no longer legally obligated to provide care, custody, or support. *See* Wyo. Stat. § 14–2–204(a) (1994).

■■■ An intent that the statutory change in the age of majority apply prospectively was evidenced by Section 3 which stated:

This act shall not apply to existing court decrees, trusts, wills, contracts or other written documents.

1993 WYO.SESS.LAWS. Chap. 1 § 3.

Appellants contend this provision is not ambiguous, that the legislative intent was not to change the age of majority in existing court decrees, and the age of majority in effect at the time of the divorce decrees ought to be given effect regardless of the change in the age of majority at a later time.

We agree that Section 3 is not ambiguous and we must give effect to the legislative intent by looking to the plain, ordinary meaning of the language of the statute and applying that meaning. *Parker*, 845 P.2d at 1042–43. Applying these rules, the only reasonable conclusion based on the plain language is that the legislature intended for the change in the age of majority to apply prospectively and not to apply to an existing court decree such as a child support order in a divorce decree. The district court erred in modifying the child support orders to reflect the new age of majority.

The child support order for the Jacksons does not state when the obligation is to cease; however, the statute then in effect required support for unemancipated children. WYO.STAT. § 14–2–204(a) (1977). Accordingly, Mr. Jackson is required to support his children until the age of nineteen.

The orders modifying the child support are reversed and remanded to the district court for further modification in accordance with this opinion.