Michael K. GARVER, Appellant
(Defendant),

v.

Edna D. GARVER, Appellee (Plaintiff).

No. 97–344.

Supreme Court of Wyoming.

May 25, 1999.

G. Kevin Keller, Cheyenne, WY, Representing Appellant. Argument by Mr. Keller.

William L. Miller of Miller & Fasse, P.C., Riverton, WY, Representing Appellee Garver; William U. Hill, Attorney General; Michael L. Hubbard, Deputy Attorney General; Dan S. Wilde, Assistant Attorney General; Donna A. Murray, Special Assistant Attorney General; and Harry D. Ivey, Special Attor-

ney General, Representing Appellee State of Wyoming. Argument by Messrs. Miller and Ivey.

Before LEHMAN, C.J., and THOMAS, MACY, and GOLDEN, JJ., and DONNELL, D.J.

LEHMAN, Chief Justice.

At issue in this appeal is whether, upon a motion to modify child support, a district court can order that child support payments be redirected to the adult detention facility in which the child is incarcerated. Because we find no authority for the district court to make such an order in a modification action, we reverse.

### ISSUES

Appellant, Michael K. Garver (Father) presents one issue for our review:

Whether the district court was without jurisdiction and erred in ordering the Appellant's child support payments be redirected to the adult detention facility caring for [the son].

Both appellees, Edna D. Garver (Mother) and the State of Wyoming, Department of Family Services (DFS), state essentially the same issue as Father.

### FACTS

The facts are brief. Mother and Father married in 1979. On July 2, 1980, a son, (hereinafter referred to as "Son"), was born of their union. When the couple divorced in Platte County in 1985, Mother was granted custody of Son. The divorce decree required Father to pay child support of $200 per month until Son "reaches the age of 19 years, marries, or becomes self-supporting."

In August of 1997, Father moved to terminate or suspend the child support obligation, claiming that child support was no longer proper because Son did not live with Mother. Prior to Father's request, Son had been charged, in Albany County, with multiple felonies. Although the charges were originally handled as a juvenile matter, jurisdiction was eventually transferred to district court. At the time of Father's motion, Son

had been convicted of at least one felony and was in jail awaiting sentencing. Son has since been incarcerated in the Wyoming State Penitentiary. In denying Father's motion to modify the support obligation, the district court ordered that support payments be "redirected to the applicable detention facility which has the responsibility to care for [Son] during such incarceration." The district court further ordered that any child support payments made by Father were to be held by the clerk of court until this appeal was resolved.

### STANDARD OF REVIEW

The question of whether the district court has the authority, in a modification action, to redirect child support payments to an adult detention facility presents a question of law. *Thomas v. Thomas*, 913 P.2d 854, 855 (Wyo.1996). Questions of law are subject to *de novo* review. If the district court's decision is in accordance with law, it is affirmed; if not, it is corrected. *Id.*

### DISCUSSION

A party seeking modification of a child support order must establish that there has been a material and substantial change in circumstances subsequent to the decree which outweighs the interests of society in applying the doctrine of *res judicata*. *Wood v. Wood*, 964 P.2d 1259, 1262 (Wyo.1998); *Murphy v. Holman*, 945 P.2d 1193, 1194 (Wyo.1997). Here, Father alleged that there had been a substantial change in circumstances as a result of Son's incarceration. Implicit in the district court's order is its agreement with Father's contention. We, too, agree that transfer of physical custody to an adult detention facility amounts to a substantial change in circumstances that warrants modification of child support. *See Van Winkle v. Van Winkle*, 107 Ill.App.3d 73, 62 Ill.Dec. 831, 437 N.E.2d 358, 360 (1982).

With a substantial change in circumstances established, the question becomes whether the district court is authorized, in modifying the support obligation under the decree of divorce, to order that child support payments be redirected to the detention fa-

cility housing Son. Mother and DFS (appellees) argue that Wyo. Stat. Ann. § 14–6–236 [1] (Michie Cum.Supp.1996) gives the district court the power to do so. We disagree. The statute relied upon by the appellees is found in the Juvenile Justice Act and clearly applies only in juvenile proceedings. This case is not part of a proceeding under the Juvenile Justice Act; this case originated with father's motion to modify the support obligation contained in the Platte County divorce decree. It is well established that a motion to modify support is a function of a district court's continuing jurisdiction over a divorce decree. Wyo. Stat. Ann. § 20–2–113(a) (Michie 1997); *Pauling v. Pauling,* 837 P.2d 1073, 1079 (Wyo.1992); *Kamp v. Kamp,* 640 P.2d 48, 51 (Wyo.1982); *Strahan v. Strahan,* 400 P.2d 542, 543 (Wyo.1965). We, therefore, reject appellees' contention that § 14–6–236 gave the district court the power to order redirection of child support payments.

In addition, we find nothing in Wyoming law that permits the district court, in a modification action, to redirect child support to an adult detention facility. First, Wyoming statutes provide a mechanism by which a detention facility can bring an action against a child's parents to recoup the "reasonable value" of the child's care or support. Wyo. Stat. Ann. § 14–2–204 (Michie 1997), provides in pertinent part:

(a) ... For purposes of this section, every parent is responsible for the support of his or her unemancipated children, whether natural or adopted, who are:

...

(ii) Under the age of majority[.]

...

(b) Either of the parents of the child or any other person, agency or institution furnishing the physical care or support of the child may commence civil action against the person responsible for the support of the child to recover expenses incurred....

...

(d) The measure of recovery from the defendant is the reasonable value of the care or support which has been furnished to the child by the petitioner.

Under this statute, if the detention facility providing care for the son wishes to recover the cost of Son's care, that facility must commence the action. No such action has been commenced in this case. Second, despite appellees' previously discussed contentions, nothing in the Wyoming statutory scheme permits a district court to order redirection of payments. Finally, although the district court retains its equitable powers in modifying child support, *Gaines v. Doby,* 794 P.2d 566, 569–70 (Wyo.1990); *Ready v. Ready,* 906 P.2d 382, 386 (Wyo.1995), we find no precedent that would permit a district court to redirect child support to a detention facility. Indeed, as will be discussed later, our child support jurisprudence contemplates that support be paid to the custodial parent. The combination of these three factors leads us to conclude that the district court does not have the authority, in a modification action, to redirect child support to a detention facility. We are, therefore, confined to reverse the district court.

■■■ The next question is whether the support obligation should be terminated or suspended. As the trial court recognized, Son's incarceration does not act to relieve the parents of their duty of support, a duty that arises from both statute and common law. *See Warren v. Hart,* 747 P.2d 511, 514 (Wyo. 1987); *Matter of Adoption of G.A.R.,* 810

---

1. Section 14–6–236 provides in pertinent part:
   (a) When legal custody of a child, other than temporary guardianship, is vested by court order in an individual, agency, institution or organization other than the child's parents, the court shall in the same or any subsequent proceeding inquire into the financial condition of the child's parents or any other person who may be legally obligated to support the child. After due notice and hearing the court shall order the parents or any other legally obligated person to pay a reasonable sum for the support and treatment of the child during the time that a dispositional order is in force. The amount of support shall be determined in accordance with the presumptive child support established by W.S. 20–6–304.
   *See also* Wyo. Stat. Ann. § 14–3–435 (Michie 1997). This type of statute has been challenged on numerous grounds. *See* J.A. Bryant, Jr., Annotation, *Liability of Parent for Support of Child Institutionalized by Juvenile Court,* 59 A.L.R.3d 636 (1974). We offer no opinion on the propriety of such a statute.

P.2d 113, 115 (Wyo.1991); *Rose v. Rose,* 576 P.2d 458, 460 (Wyo.1978); *Pauling v. Pauling,* 837 P.2d at 1079–80. Father argues that, because Son's criminal case was transferred from juvenile court to district court, Son is now an adult and the support obligation is no longer proper. Although Son has answered to criminal charges in district court, he remains a minor until he reaches 18, the age of majority. Wyo. Stat. Ann. § 14–1–101(a) (Michie 1997). Moreover, Father remains obligated under the decree of divorce until son reaches 19. *Thomas v. Thomas,* 913 P.2d 854, 856 (Wyo.1996) (holding that statute changing age of majority from 19 to 18 does not act to modify already existing decrees). Therefore, we must reject Father's contention that Son became an adult at the time his case was transferred from juvenile court to district court.

■ In addition, we agree with the district court's determination that the Son was not emancipated. Wyoming law recognizes both statutory and common law emancipation. *See* Wyo. Stat. Ann. §§ 14–1–201 to – 206 (Michie 1997). Under Wyo. Stat. Ann. § 14–1–203(f) (Michie 1997), "A declaration of emancipation shall be conclusive evidence that the minor is emancipated, but emancipation may also be proved by other evidence like any other fact." When a child needs care, custody, and maintenance, the child is not emancipated, and the duty to support continues. *Phifer v. Phifer,* 845 P.2d 384, 386 (Wyo.1993); *Broyles v. Broyles,* 711 P.2d 1119, 1127 (Wyo.1985). Because there is nothing in the record to indicate that a decree of emancipation has been entered, the only question is whether the facts produced by Father constitute emancipation.

Father relies solely on Son's incarceration to support his emancipation claim, but points us to no authority indicating that incarceration, by itself, effects an emancipation. Our own research also comes up wanting. *See* Alice M. Wright, Annotation, *What Voluntary Acts of Child, Other Than Marriage or Entry Into Military Service, Terminate Parent's Obligation to Support,* 55 A.L.R. 5th 557 (1998). Although a lengthy incarceration may create an emancipation, that is not the case here. *Sutton v. Schwartz,* 860 S.W.2d 833, 835 (Mo.App.1993). In his brief, Father indicates that Son has received a recommendation to "boot camp," a youthful offender program. Under this scenario, there remains a likelihood that Son will be released or placed on probation prior to serving a lengthy sentence. Thus, the district court correctly determined that Son was not emancipated and appropriately denied Father's request to terminate child support.

■ Likewise, given the nature and purpose of the support obligation, child support should not be suspended. Child support stands in a unique and special position in the law. The district court determines the amount of money children need to support their upbringing and provide for their welfare, taking into account the parent's ability to pay. *Sue Davidson, P.C. v. Naranjo,* 904 P.2d 354, 356–57 (Wyo.1995). Because children are minors, child support is paid to the clerk of the district court, which, in turn, delivers the support payment to the custodial parent. *Id.* The custodial parent stands in the shoes of a trustee, administering the money for the children based upon their needs and welfare. *Id.; Cranston v. Cranston,* 879 P.2d 345, 349 (Wyo.1994); *Macy v. Macy,* 714 P.2d 774, 777 (Wyo.1986). Here, even if we assume that Son's needs have changed, we cannot assume that Son has no needs at all. Therefore, suspension of the child support obligation is not warranted. While some question may remain whether a reduction in child support is appropriate, Father did not request a reduction in child support, and we will not address the issue.

### CONCLUSION

Although we agree that Son's incarceration constitutes a substantial change in circumstances such that a modification of child support is warranted, we do not find any authority which permits the district court to redirect child support to the detention facility. Therefore, the order of the district court redirecting child support to the detention facility is reversed. In addition, because parents have a continuing duty to support their children and because child support is considered Son's money to be applied to his needs and welfare, we reject Father's con-

tention that the support obligation should be terminated or suspended. Instead, the child support obligation remains entrusted to Mother to apply to Son's needs and welfare.