**Marilyn KILLINGHAM, Petitioner,**

v.

**DISTRICT OF COLUMBIA RENTAL HOUSING COMMISSION, Respondent.**

**WILSHIRE INVESTMENT TRUST, Intervenor.**

No. 99–AA–1422, 99–AA–1538.

District of Columbia Court of Appeals.

Argued Oct. 17, 2002.
Decided Nov. 27, 2002.

Marilyn Killingham, pro se.

Jonathan R. Schuman for intervenor.

Robert R. Rigsby, Corporation Counsel at the time, Charles L. Reischel, Deputy Corporation Counsel, and Mary T. Connelly, Assistant Corporation Counsel, filed a statement in lieu of brief for respondent.

Before STEADMAN, SCHWELB, and FARRELL, Associate Judges.

PER CURIAM:

Petitioner seeks review of a decision of the District of Columbia Rental Housing Commission rejecting her claim of retaliation by the housing provider and ordering a rent refund in an amount petitioner con-

tends was inadequate. She also challenges the Commission's denial of her motion to reconsider its decision. A review of the record demonstrates that the Commission dealt carefully and correctly with each issue petitioner presented to it on appeal from the attorney examiner's decision. In particular, while noting that the attorney examiner had misallocated the burden of proof in rejecting the retaliation claim, the Commission determined from the examiner's "painstaking" review of the evidence and findings of fact that the error was harmless, because the housing provider had convincingly rebutted the statutory presumption of retaliation. *See* D.C.Code § 42–3505.02 (2001).

We find no error in the Commission's resolution of this issue or in its computation of the rent refund to which petitioner was entitled. *See Harris v. District of Columbia Rental Hous. Comm'n,* 505 A.2d 66, 69 (D.C.1986) (setting forth this court's standard of review of Commission decisions). We likewise find no error in the Commission's thorough treatment of petitioner's motion for reconsideration.[1] On the record presented, we reject petitioner's argument that only a remand to the attorney examiner for new findings of fact or conclusions of law could remedy the error in the examiner's conclusion "that the evidence, when viewed in its totality, does not support, by the weight of clear and convincing evidence, *the [p]etitioner's allegations* of retaliatory actions" (emphasis added).[2] As the Commission pointed out, the examiner found that the housing provider had "contested every aspect of the [p]etitioner's allegations of retaliation with spec-

1. Some of petitioner's arguments in the motion were made for the first time in that document, and were properly rejected for that reason. *Cf. Killingham v. Wilshire Invs. Corp.,* 739 A.2d 804, 811 n. 7 (D.C.1999).

2. The parties do not dispute—and the attorney examiner found—that the circumstances

in this case gave rise to a presumption of retaliatory action by the housing provider. *See* D.C.Code § 42–3505.02(b). The burden thereupon shifted to the *housing provider* to "come[ ] forward with clear and convincing evidence to rebut this presumption," failing which the examiner would have been re-

ificity, item-by-item." The examiner's rec-
itation of the housing provider's evidence
in that regard spanned nearly three single-
spaced pages of his opinion, and led him to
credit the housing provider's assertion that
"the true basis of the problems [alleged to
constitute retaliation] was a serious nega-
tive cash flow, which had driven the [pro-
vider] to the edge of bankruptcy, largely
occasioned by only having 35 of the 128
units rented in the [p]etitioner's building."
Moreover, the examiner made that deter-
mination after initially phrasing the statu-
tory question before him—correctly—as
"[w]hether the evidence presented by the
[housing provider] was sufficient to *over-
come a legal presumption* of ... retalia-
tion, *by the weight of clear and convincing
evidence,* as required by D.C.Code [§ 42–
3505.02], as further codified by 14 DCMR
4303.3 and 4303.4" (emphasis added).
Whatever misunderstanding the examiner
ultimately may have had concerning the
burden of proof, we agree with the Com-
mission that there is no reasonable likeli-
hood that a remand for reconsideration in
light of the proper standard would lead the
examiner to a different result on this rec-
ord. *See, e.g., Arthur v. District of Co-
lumbia Nurses' Examining Bd.,* 459 A.2d
141, 146 (D.C.1983) (reversal and remand
required only if substantial doubt exists
whether the agency would have made the
same ultimate finding with the error re-
moved).

*Affirmed.*[3]

SCHWELB, Associate Judge,
concurring:

Although I concur in the judgment, I
believe that the misallocation of the bur-
den of proof by the hearing examiner pres-

ents a close and somewhat troubling issue.
I therefore write separately to express my
views.

We have held in a number of cases that
assignment of the burden of proof may be
of critical importance in determining the
outcome of a case. For example, in *Kea v.
Police & Firemen's Ret. & Relief Bd.,* 429
A.2d 174 (D.C.1981), we reversed an agen-
cy order terminating disability payments
to a former United States Park Police
officer because the agency misallocated the
burden of proof by requiring the officer to
prove "with reasonable medical certainty"
that he had not recovered from injuries
suffered when he was shot while on duty.
We stated that "the proper allocation of
the burden of proof is among the essential
rules of evidence which must be observed
in adjudication by administrative agen-
cies." *Id.* at 175.

The effect of a misallocation of the bur-
den depends not only on the weight of the
evidence, but also on the nature of the
burden of proof that has been misallocat-
ed. "In the usual civil case ... where the
standard of proof is a preponderance of
the evidence, a misallocation will likely be
consequential only where the evidence ap-
proaches equipoise, *i.e.,* '[w]here proven
facts give equal support to each of two
inconsistent inferences.'" *District of Co-
lumbia v. Kora & Williams Corp.,* 743
A.2d 682, 693 (D.C.1999) (alteration in
original) (quoting *Pennsylvania R. Co. v.
Chamberlain,* 288 U.S. 333, 339, 53 S.Ct.
391, 77 L.Ed. 819 (1933)). Where the bur-
den of proof is more onerous, however, a
misallocation may surely be "consequen-
tial" and perhaps determinative even
where the evidence is significantly out of
equipoise. To take an extreme example, if

quired to ("shall") "enter judgment in the
tenant's favor." *Id.*

**3.** Petitioner has filed what amounts to a re-
quest for two of the judges on the division to

recuse themselves from deciding this matter.
Those judges have considered and rejected
the request.

the court were to instruct the jury in a criminal case that the defendant is required to prove his innocence beyond a reasonable doubt, then, and putting aside applicable constitutional requirements, *see Sullivan v. Louisiana*, 508 U.S. 275, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993),[1] the defendant might be found guilty even if a preponderance of the evidence pointed to his innocence.

In the present case, the hearing examiner apparently believed that the tenant was required to prove retaliation by clear and convincing evidence, while in fact, as the agency and the court both recognize, this very formidable burden should have been imposed upon the landlord. The shift in burden was a substantial one. In such instances, I would ordinarily vote to remand the case to the trier of fact to determine whether *he*—and not the Commission—would find that the landlord had carried the day by clear and convincing evidence.

As the court points out, however, the hearing examiner initially phrased the statutory issue correctly, and the agency viewed the proof as overwhelming. Viewing the case as a whole, and the more than ample evidence supporting the Commission's view that the landlord met its burden, I am inclined to agree that a remand would be futile. As the court indicates, the hearing examiner would probably reach the same conclusion on remand, with respect to the merits of the case, as he reached initially. Under the circumstances, I am not prepared to vote to reverse.

Nevertheless, a determination by the Commission or the court as to what the hearing examiner would have found if the burden of proof by clear and convincing evidence had been placed on the landlord, as it should have been, is not an easy one to make. I therefore think it important to emphasize that a misallocation of the burden of proof by clear and convincing evidence is different from (and far more difficult to characterize as harmless) than a misallocation of the burden of proof by a preponderance of the evidence.

---

1. The Supreme Court held in *Sullivan* that a constitutionally deficient reasonable-doubt instruction cannot be harmless error. As Justice Scalia wrote for the Court, "to hypothesize a guilty verdict that was never in fact rendered [because reasonable doubt was not defined with constitutional adequacy]—no matter how inescapable the findings to support that verdict might be—would violate the jury trial guarantee." 508 U.S. at 279, 113 S.Ct. 2078. There is at least a superficial similarity between *Sullivan* and the present case, for here, too, the trier of fact never found that the landlord had met its burden by clear and convincing evidence. *Sullivan*, however, implicated the Sixth Amendment right to a jury trial; this case does not.