2003 WY 151

**Lené JORDAN, Appellant (Plaintiff),**

v.

**Chris Allen BRACKIN, Appellee (Defendant).**

No. 02–260.

Supreme Court of Wyoming.

Nov. 21, 2003.

Representing Appellant: Lené Jordan, Pro se.

Representing Appellee: Mark W. Harris, Evanston, Wyoming.

Before HILL, C.J., and GOLDEN, LEHMAN, and VOIGT, JJ., and JAMES, D.J.

GOLDEN, Justice.

[¶ 1] Appellant Lené Jordan (Jordan) appeals the district court's determination that Appellee Chris Allen Brackin (Brackin) could properly cease child support payments on each son's eighteenth birthday. Jordan contends that because the age of majority was nineteen when the divorce decree was entered, the district court erred by not ruling that the child support obligation should continue until the nineteenth birthday.

[¶ 2] We hold that the district court properly determined that the current statutory

age of majority was applicable, and Brackin was entitled to cease payments when the parties' sons turned eighteen. We affirm.

## ISSUES

[¶ 3] Jordan presents the following issue for our review:

Did the trial court err when it determined that Father's obligation to pay child support for the benefit of his sons ... terminates at the new age of majority?

Brackin restates the issue as:

Did the trial court err when it determined that the age of majority for an on-going child support obligation was 18 years of age?

## FACTS

[¶ 4] Jordan and Brackin first married in 1981 and had two sons, one born on May 24, 1984, and one born on March 7, 1986. The parties divorced in 1988 but remarried in February of 1992. The couple divorced again in October of 1992. As part of that divorce decree, a separation agreement was incorporated stating that the parents would share equally in the physical custody, support and maintenance of the children so long as parents lived within 100 miles of each other. No child support was awarded or ordered for either party.

[¶ 5] Two years later, when Brackin planned to move over 100 miles away to Evanston, the parents negotiated an amendment to the settlement agreement that Brackin would begin paying child support to Jordan. That amendment was never filed with the court. Later, the parties did petition to modify child support, and an order was entered in 1996 that was later modified in 2000. Under that later order, Brackin began paying $548 per month in child support.

[¶ 6] Our review of the separation agreement and the court's child support orders indicates that none addressed the duration of the payment of child support nor the continuation of the court's jurisdiction after the children reached age eighteen. The district court held a hearing on Brackin's motion to reduce his child support when his eldest son turned eighteen and granted the motion based upon statutory requirements that terminate the child support obligation at age eighteen unless certain circumstances exist. Jordan filed a motion for reconsideration contending that the district court should apply the statutory age of majority that existed when the separation agreement was executed and the divorce decree was final. The district court denied reconsideration, and this appeal followed.

## DISCUSSION

[¶ 7] In 1993, the Wyoming legislature changed the age of majority from nineteen to eighteen.[1] *Thomas v. Thomas,* 913 P.2d 854, 855 (Wyo.1996). Wyo. Stat. Ann. § 20–2–313 (LexisNexis 2003) provides for the cessation of a child-support obligation when the child reaches the age of majority.[2] The child support obligation may continue under some circumstances such as when the child is disabled or still attending high school; however, none of those circumstances apply in this case. Wyo. Stat. Ann. § 14–2–204 (LexisNexis 2003).

[¶ 8] At the hearing, Jordan clarified that she was seeking the additional year of support because her son planned to attend college and she asserted that it was in his best interests that Brackin continue to pay child support to assist with college expenses. The district court determined that the statutory language deprived it of jurisdiction to order continued child support payments beyond the eighteenth year. On appeal, Jordan does not

---

1. Wyo. Stat. Ann. § 14–1–101(a) (LexisNexis 2003) reads:

   § 14–1–101. Age of majority; rights on emancipation.

   (a) Upon becoming eighteen (18) years of age, an individual reaches the age of majority and as an adult acquires all rights and responsibilities granted or imposed by statute or common law, except as otherwise provided by law.

2. (a) An on-going child support obligation terminates when the:

   (i) Parents marry or remarry each other;
   (ii) Child dies;
   (iii) Child is legally emancipated; or
   (iv) Child attains the age of majority.

challenge this determination, but instead points to our decision in *Thomas* as permitting the prospective application of the 1993 statutory change in the age of majority. She contends that because the separation agreement and the divorce decree were final in 1992, the district court had jurisdiction to apply the 1992 statute and allow the child support obligation to continue until her sons' nineteenth birthdays.

[¶ 9] The precise issue considered in *Thomas* was:

> Where before the effective date of a statute changing the age of majority from nineteen (19) to eighteen (18) years a child support order specified 19 years as the age at which the divorced father's duty to make support payments would end, was the district court in error in terminating the duty of support at the new age of majority?

913 P.2d at 854.

[¶ 10] The issue in *Thomas* questioned an existing child support order that did not specify when the child support obligation was to cease. *Id.* at 856. *Thomas* held that the legislature intended that this change would apply prospectively and, thus, the district court should not apply the statutory change to an existing child support order. *Id.* Thus, in *Thomas,* the father was required to support his children until the age of nineteen. *Id.*

[¶ 11] In this case, the existing child support order entered in 1992 did not specify any child support obligation for either party and did not discuss duration for any matter except to specify that Brackin would provide medical insurance "until each child became emancipated." When it became necessary to determine a child support amount, the parties went to court and the first court-ordered child support obligation for Father was entered in 1996. We find that the holding in *Thomas* applies only to those court orders that specify a child support obligation for at least one of the parents and which was entered before 1993 when the statutory change in age became effective. In 1992, neither Brackin nor Jordan was ordered by the court to pay monthly support for the children, and we find this distinction from *Thomas* sufficient to uphold the district court's order.

[¶ 12] Brackin, however, contends that further statutory amendments have overruled *Thomas* and all child support obligations must cease at the age of eighteen regardless of when the child support was ordered. Having already determined that Jordan's argument fails, we need not consider this contention in this case and its resolution must wait another day. Affirmed.